# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KEVIN MILLER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEBRA G. ROSADO and JOSEPH MOSER, )<br>    Defendants. ) | CAUSE NO.: 2:15-CV-291-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 23], filed by Defendants Debra G. Rosado and Joseph Moser on December 7, 2015. For the reasons set forth below, the Court grants the motion as to Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act and denies the motion as to the § 1983 Fourteenth Amendment claims.

## PROCEDURAL BACKGROUND

On August 5, 2015, Plaintiff Kevin Miller filed a pro se Complaint on a 42 U.S.C. § 1983 form against Defendants Debra G. Rosado and Joseph Moser. Both are sued in their official capacities. On November 3, 2015, Plaintiff filed a pro se Amended Complaint on a 42 U.S.C. § 1983 form against the same Defendants.

On December 7, 2015, Defendants filed the instant Motion to Dismiss. Plaintiff filed a response on December 28, 2015, and Defendants filed a reply on January 22, 2016.

On December 21, 2015, Plaintiff filed a Motion for Summary Judgment, the briefing on which has been stayed pending a ruling on the Motion to Dismiss.

On January 11, 2016, upon consent of the parties, this matter was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings and to order the entry

of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND LEGAL CLAIMS

For purposes of this Rule 12(b)(6) motion, the following facts are taken from Plaintiff's First Amended Complaint.

Defendant Debra G. Rosado is an Administrative Law Judge for the Indiana Family and Social Services Administration in Gary, Indiana. Defendant Joseph Moser is the Director of Medicaid in Indiana in Indianapolis, Indiana.

In Paragraph I, Plaintiff alleges that he was injured at work in 2011 and filed a workers compensation claim. He was evicted from his apartment in August 2012 and became homeless. On March 25, 2013, Plaintiff received documents from Medicaid [the Indiana Family and Social Services Administration ("FSSA")] with conflicting information resulting in his food stamp benefits being terminated. On November 24, 2014, Plaintiff reapplied for Medicaid. On December 4, 2014, Plaintiff received documents in Spanish and was denied Medicaid on January 12, 2015. Plaintiff reapplied for Medicaid on January 15, 2015, and was denied on March 2, 2015.

In Paragraph II, Plaintiff alleges that, on April 9, 2015, he had a hearing before Administrative Law Judge Debra G. Rosado on the denial of his claim. Plaintiff asserts that the Indiana Medicaid Manual allows him from the date of the onset of his injury to turn in medical evidence. However, ALJ Rosado restarted the recording of the hearing on the basis that FSSA only allows the past 12 months of medical evidence. At the end of the hearing, his case was remanded to the FSSA. However, "[i]n the decision letter dated 5-14-15 it stated the case was dismissed

because the Appellant was not issued timely and adequate notice in regards to the denial." (Am. Compl. (citing Ex. 3)).

In Paragraph III, Plaintiff alleges that Defendants Rosado and Moser denied him his right to Medicaid (health insurance) under the Americans with Disabilities Act and the Rehabilitation Act. He alleges that ALJ Rosado's actions forced him to settle his workers compensation claim, obstructed medical evidence in his social security disability claim that has been pending for four years, and caused him to lose his truck, house, credit, and personal property. He also alleges that he was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

**ANALYSIS**

Defendants Debra G. Rosado and Joseph Moser ask the Court to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief,"

---

[1] The opening paragraph of the motion seeks dismissal under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). However, Defendants offer no argument in the motion or the memorandum in support that the Court lacks subject matter jurisdiction, which is the basis of a motion under Rule 12(b)(1). Because the Complaint is brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

*1.     ADA and Rehabilitation Act*

First, Defendants seek dismissal of Plaintiff's Complaint brought under the Americans with Disabilities Act (ADA) and the Rehabilitation Act on the basis that Plaintiff has not alleged that he suffers from a disability under the meaning of the Acts or that the denial of Medicaid, if that even constitutes a program covered by the ADA, was because of an alleged disability.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

To state a claim under Title II of the ADA, a plaintiff must allege that (1) he was a qualified individual with a disability; (2) he was excluded from participating in, or denied the benefits of, a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that the exclusion, denial of benefits, or discrimination was because of his disability. *Jackson v. City of*

*Chicago*, 414 F.3d 806, 810 (7th Cir. 2005); *Estate of Crandall v. Godinez*, No. 14-CV-1401, 2015 WL 1539017, at *6 (C.D. Ill. Mar. 31, 2015); 42 U.S.C. § 12132.

To state a claim under the Rehabilitation Act, Plaintiff must allege that (1) he is disabled as defined by the Act; (2) he is otherwise qualified for the benefit or position sought; (3) he has been excluded from the benefit or position solely because of his disability; and (4) the benefit or position exists as part of a program or activity receiving federal financial assistance. *See Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012); *see also Glick v. Walker*, 272 F. App'x 514, 521 (7th Cir. 2008); *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 755 (7th Cir. 2006) (setting out elements of the claim in the context of a motion for summary judgment).[2]

For both his ADA claim and his Rehabilitation claim, Plaintiff does not allege that he is a qualified individual with a disability nor does he offer any facts suggesting that he had such a disability. In his response brief, he points to the fact that he was receiving Medicaid benefits in 2013. However, the fact that Plaintiff previously qualified for Medicaid benefits does not constitute an allegation that he has a disability within the meaning of the ADA.

Plaintiff also does not allege that the denial of Medicaid benefits was *because of* an alleged disability nor does he offer any facts in support of such an allegation. In his response brief, however, he writes: "Plaintiff states in his complaint that he was already on medicaid while he was homeless and was denied under the ADA. Defendants refuse to recognize Plaintiff's disability." (Pl. Reply 2). This allegation that the agency failed to recognize Plaintiff's alleged "disability" for purposes of determinating whether to award him Medicaid benefits goes to the merits of that administrative

---

[2] In the memorandum, Defendants properly cite the elements for a claim of discrimination under the ADA and the Rehabilitation Act. *See* (Def. Mem. 4). However, the direct method of proof discussed by Defendants applies to the burden on a plaintiff in responding to a motion for summary judgment and is not applicable on a Rule 12(b)(6) motion to dismiss.

5

decision and is wholly separate from an allegation that Plaintiff was denied benefits *because* of a disability. In fact, Plaintiff appears to be alleging that he was not awarded benefits because he was *not* viewed as disabled for purposes of that program.

Therefore, because Plaintiff has not alleged the facts necessary, Plaintiff fails to state a claim under both the ADA and the Rehabilitation Act, and both claims are dismissed without prejudice. *See Iqbal*, 556 U.S. at 677-788; *Johnson v. City of Chicago*, No. 13-CV-04098, 2015 WL 1918161, at *3 (N.D. Ill. Apr. 28, 2015) (dismissing ADA and Rehabilitation Act claims for failing to allege a qualifying disability and that the defendant's program received federal financial assistance).

It also appears that Plaintiff has pleaded himself out of court by alleging that his Medicaid application was dismissed for a procedural reason and not because of his disability. However, it is difficult to discern the procedural outcome of that decision from the information before the Court. Plaintiff's Complaint and response brief state that ALJ Rosado remanded the case at the hearing but that the written Notice of Hearing Decision dismissed his appeal, which are inconsistent results. In addition, Plaintiff attached only pages 1, 3, and 5 of the five-page Notice of Hearing Decision to his Complaint; although page 1 indicates that the appeal was dismissed, the procedural history of the appeal and the reasoning for the dismissal appear to be contained in the missing pages. Nevertheless, page 1 indicates that the original issue under appeal was Plaintiff's "eligibility for Medical Assistance to the Disabled (MAD)" but that the issue was not addressed because the only issue was whether Plaintiff had received timely and adequate notice. (Compl., Ex. 3, p. 15). If the application was indeed dismissed on procedural grounds, it was not dismissed due to any disability. *See Glick*, 272 F. App'x at 521 (7th Cir. 2008) (affirming dismissal of ADA claim because the plaintiff pleaded

6

himself out of court by alleging that he was denied access to group therapy because of his security status, not because of any disability).

2. *Procedural Due Process*

To state a claim for a deprivation of procedural due process based on a property right, a plaintiff must allege that there is (1) a cognizable property interest, (2) a deprivation of that property interest, and (3) a denial of due process. *See Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quoting *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004)).

Although not challenged by Defendant, it appears that Plaintiff has met the first element by invoking his right to Medicaid coverage. *See Coffey v. Xerox Corp.*, No. 1:13-CV-97, 2014 WL 773202, at *9 (S.D. Ind. Feb. 24, 2014) (citing *Hamby v. Neel*, 368 F.3d 549, 560 (6th Cir. 2004); *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). Plaintiff meets the second prong by alleging that his request for Medicaid benefits was denied.

As to the third element—a denial of due process, Plaintiff argues that he has alleged that he was denied procedural due process because FSSA is only allowing him to submit twelve months of medical evidence in support of his Medicaid claim whereas he argues that the Indiana Medicaid policy manual states that he is allowed from the onset of his conditions to apply. He also alleges that the ALJ denied him due process by restarting the audio recording of the hearing. And, he argues violations of due process rights at his hearing when the ALJ remanded his case at the hearing but he then received a written Notice of Hearing Decision dismissing his appeal for procedural reasons.

Defendants argue in the motion that Plaintiff has failed to allege any violation of his procedural due process rights because his Medicaid disability claim was remanded in his favor at the hearing and because Plaintiff does not offer the procedural history of the case on remand. "While

a plaintiff is not required to exhaust state remedies to bring a § 1983 claim, this does not change the fact that no due process violation has occurred when adequate state remedies exist." *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003).

However, it appears from the allegations of Plaintiff's Complaint, the portion of the Notice of Hearing Decision that was attached to the Complaint, and Plaintiff's response brief that the case was not remanded in Plaintiff's favor. Plaintiff alleges that, although ALJ Rosado ordered at the hearing that his appeal be remanded, the written Notice of Hearing Decision dismissed the appeal for procedural reasons. Taking Plaintiff's allegations as true, as the Court must at this stage of the proceedings, the ruling at the hearing was inconsistent with the written notification; thus, it is not clear that ALJ Rosado's ruling was favorable, as asserted by Defendants in the Motion to Dismiss. Nor have Defendants demonstrated on this motion that adequate state remedies exist. Thus, the Court cannot dismiss the Fourteenth Amendment claim on the basis argued in Defendants' motion.

Finally, as to Plaintiff's allegations that he lost his truck, house, credit, and personal property, Plaintiff appears to be alleging that the losses were the result of having been denied Medicaid benefits and go to his claim of damages. However, there are no allegations that Defendants were directly involved with the loss of this property, and, therefore, these losses are not a proper basis for the procedural due process claim.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Dismiss [DE 23] and **DISMISSES without prejudice** Plaintiff's ADA and Rehabilitation Act claims.

The briefing on the Motion for Summary Judgment [DE 25] remains **STAYED**.

The Court **SETS** this matter for a telephonic status hearing for **April 28, 2016, at 9:45 a.m.**, with the Court to initiate the call. Any changes in telephone number must be provided to Courtroom Deputy Clerk Sue Brown-Nickerson at least twenty-four hours in advance of the hearing at sue_brown@innd.uscourts.gov.

SO ORDERED this 4th day of April, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: Pro se Plaintiff