# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KEVIN MILLER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO.: 2:15-CV-291-PRC |
| | ) |
| DEBRA G. ROSADO and JOHN WERNERT, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Further Responses and Further Discovery [DE 51], filed by Plaintiff Kevin Miller on September 12, 2016. Defendants filed a response on September 26, 2016, and Plaintiff filed a reply on October 4, 2016.

On April 4, 2016, the Court issued an Opinion and Order on Defendants' Motion to Dismiss, denying the motion as to Plaintiff's § 1983 Fourteenth Amendment claims and recognizing his allegations of denial of due process:

> Plaintiff argues that he has alleged that he was denied procedural due process because FSSA is only allowing him to submit twelve months of medical evidence in support of his Medicaid claim whereas he argues that the Indiana Medicaid policy manual states that he is allowed from the onset of his conditions to apply. He also alleges that the ALJ denied him due process by restarting the audio recording of the hearing. And, he argues violations of due process rights at his hearing when the ALJ remanded his case at the hearing but he then received a written Notice of Hearing Decision dismissing his appeal for procedural reasons.

(ECF 36, p. 7).

Federal Rule of Civil Procedure 26(b) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Federal Rule of Civil Procedure 37 provides that a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

In the instant motion, Plaintiff asks the Court to compel further discovery responses and/or admissions from Defendants.

As an initial matter, the Court finds that all of Plaintiff's discovery requests regarding Plaintiff's food stamps (formerly identified as food stamps and now identified as SNAP benefits) is not relevant to the issues in this case because those benefits are outside the scope of Plaintiff's remaining claims.

The Court also notes Defendants' representation that many of Plaintiff's requests in the instant motion are for documents that Defendants have already provided through discovery. Plaintiff requested his entire file for numerous years. Defendants represent that they have produced all documents for the requested time period that FSSA had in its possession and that Defendants could find after making a good faith effort to collect the documents. Defendants represent that this effort included many hours of research and coordination with different sections of FSSA. Defendants have produced over 700 pages of documents.

Plaintiff argues in the Motion to Compel that FSSA has not met its obligation to request medical records from physicians. However, this is a new legal claim that was not raised in his Complaint. Plaintiff may not amend his Complaint through discovery requests. Therefore, any discovery requests related to FSSA not requesting medical records from physicians is denied on the basis that the requests are not relevant. The Court denies the Motion to Compel as to requests made on this ground.

Plaintiff also argues in his motion that he is disabled and cannot physically and/or financially afford to produce medical evidence to FSSA at every Medicaid and foodstamp redetermination or hearing for denials. Again, to the extent that Plaintiff is asserting a new legal claim regarding his burden of producing documents for administrative hearings, this is a new legal argument not raised in the Complaint. Therefore, discovery related to these assertions is not relevant. The Court denies the Motion to Compel as to requests made on this basis.

Next, the Court considers each of Plaintiff's arguments organized by capital letter in his Brief in Support. The Court notes that paragraphs A, B, G, and H contain legal conclusions.

In paragraph C, Plaintiff asserts that "FSSA has failed to submit Plaintiff's Medicaid application, approval notice with the supporting regulations and submitted documents from Plaintiff and physicians for the 2012 Medicaid approval." Defendants respond that they did not provide documents from the 2012 Medicaid approval because Plaintiff requested his Medicaid/SNAP case file for his case number 1056017336 for 2013-2016. *See* (ECF 58, Ex. A., p. 3 ¶ 3.). The Court denies the Motion to Compel these documents from 2012.

In paragraph D Plaintiff argues that there "is a gap in the Hearing Presentation outline for the April 9, 2015 hearing . . . between April 17, 2012 and Aug. 1, 2013." Defendants respond that the entire hearing presentation outline was produced and that any documentation that should have allegedly been present was not in the hearing presentation outline. The Court denies the Motion to Compel as to paragraph D.

In paragraph E, Plaintiff argues that this "gap would also contain submitted documents for the April 30, 2013 food stamp application." Again, Defendants respond that the entire hearing presentation outline was produced, that any documentation that should have allegedly been present

3

was not in the hearing presentation outline, and that requests for SNAP documents are outside the scope of this case. The Court denies the Motion to Compel as to paragraph E.

In paragraph F, Plaintiff argues: "FSSA is to document in Plaintiff's case file, these decisions which are not present in the Hearing Presentation Outline or in Defendants' responses to Plaintiff's R.F.P. of documents. These documents are pertinent to Plaintiff's complaint or case." It is not clear from this statement what "these documents" are. Nevertheless, Defendants represent that they have made a good faith effort to produce every document they could locate related to Plaintiff's 2013 Medicaid and SNAP case file. The Court denies the Motion to Compel as to paragraph F.

In paragraph I, Plaintiff provides a summary of certain proceedings but does not make any document request. Rather, the numbered requests addressed below immediately follow paragraph I. Therefore, the Court denies any relief requested in relation to paragraph I.

Plaintiff lists twenty-nine numbered paragraphs of documents for which Plaintiff would like the Court to order further responses, further discovery, or admissions. The Court considers each in turn.

1. All Documents not submitted for the dates between April 17, 2012 and August 1, 2013.

Defendants respond that no documents were provided from 2012 because Plaintiff requested his Medicaid/food stamp case file for his case number 1056017336 for 2013-2016. Nevertheless, Defendants produced documents from between April 17, 2012, and August 1, 2013: STATE000090-103, STATE000117-118; STATE000156-182; STATE 000258-STATE000361; STATE000368-378. The Court denies the Motion to Compel as to this request.

2. The application and documents submitted by Plaintiff for the April 30, 2013 food stamp application.

This case is about Plaintiff's denial of Medicaid. Thus, Plaintiff's requests for SNAP documents are outside the scope of this case. Nevertheless, Defendants represent that they made a good faith effort to provide all documentation related to Plaintiff's SNAP benefits that it could locate from 2013. The Court denies the Motion to Compel as to this request.

3. All requests to Dr. Koscielniak for medical records and all records.

Defendants represent that they provided all the records and requests from Dr. Koscielniak that they were able to locate within Plaintiff's requested time frame. The Court denies the Motion to Compel as to this request.

4. All documents mailed with documents bar codes DFRNRAE0100ATV071; DFR21AE0300H6HRC4, DFRNREE0500FWTPC1.

Defendants object to this request on the basis that Federal Rule of Civil Procedure 34(b) requires that a request for production "describe with reasonable particularity each item or category of items." Fed. R. Civ. P. 34(b). Defendants note that Plaintiff generally requested that Defendants provide "Plaintiff's Medicaid/food stamp case file from 2013, 2014, 2015, and at 2016 case # 1056017336.MA.D.01" and that Defendants provided all such documents they could locate in good faith. Defendants note that these requested bar coded documents were not originally requested in Plaintiff's Request for Production of Documents. Nevertheless, because all documents in their possession have been produced, Defendants believe that these documents were likely produced. The Court denies the Motion to Compel as to this request.

5. All medical records, requests and respouses[sic] from Dr. Ungar in 2013 and 2014, or admit that a request was not sent to this physician for records in 2014(B) in 2013.

Defendants respond that they provided all the records and requests from Dr. Ungar that were located within Plaintiff's requested time frame. However, to the extent that this request represents

a new request for discovery, the discovery deadline was August 1, 2016. Because the request is untimely, the Court denies the Motion to Compel as to this request.

6. Please admit: that a request to Dr. Koscielniak for medical records was never sent in (A) 2013 (B) in 2014.

This is a new discovery request made after the close of discovery. Because the request is untimely, the Court denies the Motion to Compel as to this request.

7. All of Plaintiffs E.B.T. card "food stamp card" information for food purchases.

This is a new discovery request made after the close of discovery. Because the request is untimely, the Court denies the Motion to Compel as to this request.

8-22, 25. The Requests to Admit in paragraphs 8-22 and 25 were not made by the August 1, 2016 discovery deadline. Therefore, the Court denies the Motion to Compel as to the Requests to Admit in paragraphs 8-22 and 25 as untimely.

23. Medical records and requests for medical records from Navin Kumar Dr.[sic] in 2014, or admit a request for records was never sent.

Defendants represent that they have produced all records that they were able to locate in their possession through a good faith search of Plaintiff's files. To the extent this request asks for an admission, this is a new discovery request made after the close of discovery. The Court denies the Motion to Compel as to this request.

24. Medical evidence to support the May 28, 2014 notice that the Plaintiff's condition has improved significantly.

These documents were not requested in Plaintiff's Request for Production. Rather, Plaintiff generally requested that Defendants provide "Plaintiff's Medicaid/food stamp case file from 2013, 2014, 2015, and at 2016 case # 1056017336.MA.D.01." To the extent Plaintiff is asking Defendants

to make a medical conclusion by determining which documents support an improvement in his condition, the Court denies the motion.

26. The summary of eligibility notice for the Oct. 2013 township application, or admit it was never sent.

Defendants respond that they do not understand what Plaintiff is referring to when he references the Oct. 2013 township application. Plaintiff does not clarify the request in his reply brief. And, to the extent this request asks for an admission, this is a new discovery request made after the close of discovery. The Court denies the Motion to Compel as to this request.

27. Plaintiff's electronic eligibility file, pursuant to Indiana Healthcare Program Policy Manual chapter and section 2412.50.

Defendants respond that, because this document was not requested in Plaintiff's Request for Production, the document was not provided. However, Defendants further respond that, if these documents were in Defendants' possession, they were likely produced. The Court denies the Motion to Compel as to this request.

28. The Indiana State Plan for 2011 through present.

This is a new discovery request made after the close of discovery. Because the request is untimely, the Court denies the Motion to Compel as to this request.

29. A recording of the hearing on April 9, 2016, that the disabled Plaintiff can access without a computer.

Defendants respond that the recording of the April 9, 2016 hearing is an audio file and that they are not aware of a format in which they can provide this audio file. Defendants provided a transcript of the hearing even though it was not requested. However, Plaintiff disputes the accuracy of the transcript. In his reply brief, Plaintiff proposes that Defendants provide an audio cassette recording of the hearing. The Court finds this reasonable. Therefore, the Court grants the Motion

7

to Compel as to this request and orders Defendants to either (1) provide Plaintiff with an audio cassette recording of the hearing at Defendants' expense or (2) provide Plaintiff, or Plaintiff's representative, with an opportunity to make an audio cassette recording of the hearing at Plaintiff's expense, at a pre-arranged time during regular business hours, which may be observed and supervised in person by appropriate personnel, on or before October 25, 2016.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Compel Further Responses and Further Discovery [DE 51], denying all bases for the Motion to Compel except the request in Paragraph 29. The Court denies the request for sanctions.

The Court **ORDERS** that the parties resolve the request in Paragraph 29 on or before **October 25, 2016**.

The Court hereby **RESETS** the dispositive motion deadline for **November 18, 2016**.

Pursuant to the Court's September 16, 2016 Order, on or before **October 28, 2016**, Plaintiff is **ORDERED** to **FILE** either (1) a Notice indicating that Plaintiff intends to rely upon his Second Motion for Summary Judgment filed on September 9, 2016, at docket entry 53, or (2) a Motion to Withdraw his Second Motion for Summary Judgment that represents that Plaintiff intends to file a Third Motion for Summary Judgment by the November 18, 2016 deadline.

SO ORDERED this 12th day of October, 2016.

                                     s/ Paul R. Cherry
                                    MAGISTRATE JUDGE PAUL R. CHERRY
                                    UNITED STATES DISTRICT COURT

cc:      Pro se Plaintiff