UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KEVIN MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-291-PRC |
| | ) | |
| DEBRA G. ROSADO and | ) | |
| JOHN J. WERNERT, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

In the course of reviewing the parties' cross motions for summary judgment, the Court *sua sponte* raises the issue of Eleventh Amendment immunity as to the procedural due process claim against Dr. John J. Wernert in his official capacity as Secretary of the Indiana Family Social Services Administration (FSSA).

**PROCEDURAL BACKGROUND**

Plaintiff Kevin Miller filed his Complaint, pro se, against Debra Rosado (Administrative Law Judge) and Joseph Moser (Director of Medicaid for Indiana) on August 5, 2015. Plaintiff filed a First Amended Complaint on November 3, 2015. On April 4, 2016, the Court granted in part and denied in part Defendants' Motion to Dismiss, dismissing without prejudice Plaintiff's ADA and Rehabilitation Act claims. Remaining are Plaintiff's Fourteenth Amendment Due Process claims, brought pursuant to 42 U.S.C. § 1983, based on (1) FSSA only allowing him to submit twelve months of medical evidence in support of his Medicaid claim, (2) ALJ Rosado restarting the audio recording of the hearing, and (3) ALJ Rosado stating different outcomes at the April 9, 2015 hearing and in the written May 14, 2015 Hearing Decision.

On September 16, 2016, the Court substituted Dr. John J. Wernert, Secretary of the Indiana Family Social Services Administration (FSSA), for Joseph Moser, the Director of Medicaid, as the correct supervisory government official for Plaintiff's claim.

The parties's cross motions for summary judgment, which are fully briefed, are pending before the Court.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**RELEVANT FACTUAL BACKGROUND**

The following are facts relevant to the instant Opinion and Order as supported by evidence submitted by the parties on the cross motions for summary judgment. The facts are set out here solely for the purpose of this Opinion and Order and do not constitute findings of fact or a statement of undisputed material facts in relation to the pending motions for summary judgment.

On November 24, 2014, Plaintiff, who had previously applied for and been denied Medicaid Disability benefits, reapplied for Medicaid Disability in case number 1056017336. *See* (ECF 77-14, Ex. N, p. 2). On January 12, 2015, FSSA sent Plaintiff an "Important Notice About Your Benefits." (ECF 77-14, Ex. N); (ECF 77-17, Ex. Q); *see also* (ECF 1-3, p. 1); (ECF 43-1, p. 102-108). The Notice informed Plaintiff that his November 24, 2014 application for Medicaid had been denied because "individual does not have a social security administration (SSA) disability determination or social security disability insurance (SSDI)/Supplemental Security Income (SSI) application on file," "failure to cooperate in verifying the value of resources," "failure to provide all required

2

information," "value of resources exceeds program eligibility standard," and "income exceeds program eligibility standards." (ECF 77-14, Ex. N); (ECF 77-17, Ex. Q); *see also* (ECF 1-3, p. 1).

On January 15, 2015, Plaintiff reapplied for Medicaid Disability in the same case number 1056017336. *See* (ECF 1-1, pp. 7, 8); (ECF 1-3). On January 21, 2015, FSSA sent Plaintiff an "Appointment Notice," informing Plaintiff that he was scheduled for a phone interview on January 28, 2015, at 8:15 a.m. (ECF 77-18, Ex. R); (ECF 43-1, p. 156). On January 28 and 30, 2015, FSSA sent Plaintiff requests for proof of various information, giving Plaintiff until February 10, 2015, and March 2, 2015, respectively to submit the information. (ECF 1-3, p. 6, 7); (ECF 43-1, p. 158-59, 160).

On March 2, 2015, FSSA sent Plaintiff a notice informing him that the Medicaid Medical Review Team (MRT) had determined that Plaintiff did not meet the Medicaid Disability criteria for his case 1056017336. (ECF 77-19, Ex. S); (ECF 77-20, Ex. T); (ECF 1-3, p. 9). The notice further provided: "This is not an official notice of denial. This letter serves as a piece of the official notice that will be sent to you when the Division of Family Resources takes action on your case. That notice will explain your appeal rights." (ECF 77-19, Ex. S); (ECF 77-20, Ex. T). The notice explained that he stated in his application that he was disabled due to body injury (knee, arm, wrist, back, and neck); that the medical evidence indicated a diagnosis of "ruptured or herniated disc"; and that they evaluated medical evidence from the dates 10/2/2013 – 11/19/2015 from Dr. Julian Ungar-Sargon. (ECF 77-19, Ex. S); (ECF 77-20, Ex. T). The notice states that Plaintiff was considered "not disabled" and an explanation is given: "Your impairment is considered to last for a continuous 12 month period; however, the social and medical information that was submitted does not confirm that

3

your condition substantially impairs your ability to perform labor, services, or engage in a useful occupation." (ECF 77-19, Ex. S); (ECF 77-20, Ex. T).

On "March 4, 2015," FSSA sent Plaintiff a letter informing him that it had tried to contact Plaintiff on "March 9, 2015, and on March 10, 2015," concerning Plaintiff's DFR Mailbox correspondence. (ECF 77-21, Ex. U); (ECF 1-3, p. 8); (ECF 43-2, p. 1). The letter provides:

> Per our records it indicates that you were denied for Medicaid Disability by our Medical Review Team on 03/02/2015. *You should have received a notice in the mail and if you do not agree with the decision [that] was made by our Medical Review Team you do have the right to appeal the decision that was made*.
>
> However; you were approved for another category of medical in[sic] which will start effective 04/01/2015 in[sic] which is our new HIP 2.0 medical coverage. You should receive further information in the mail concerning your coverage for that category.

(ECF 77-21, Ex. U) (emphasis added); (ECF 1-3, p. 8) (emphasis added).

On March 5, 2015, FSSA sent Plaintiff an "Important Notice About Your Health Coverage" in relation to his January 15, 2015 application in case number 1056017336, advising him that he was approved for the Healthy Indiana Plan (HIP) Plus program. (ECF 77-22, Ex. V).

In his sworn Declaration, Plaintiff states that "I called in and complained. In March of 2015 I was waiting for the official denial because it comes with the appeal form. The denial never came so I had wrote my own appeal letter. I wasn't sure it was sufficient so I sent in a old food stamp appeal form." (ECF 26, p. 3, ¶ 6). "I didn't get an appeal letter so I couldn't appeal the denial." *Id*. at p. 4, ¶ 9b.

On March 17, 2015, FSSA received Plaintiff's handwritten "Appeal Request" with the case number 1056017336 written at the top. (ECF 1-3, p. 12); (ECF 43-2, p. 6); *see also* (ECF 77-23, Ex. W, p. 5). The appeal provides: "I wish to appeal the action to deny, stop or reduce my Benefits. I am appealing my denial of Medicaid Disability Insurance Case #1056017336. I understand that a fair

4

hearing will be scheduled for me and that I will be able to explain why I disagree with the action taken on my benefits." (ECF 1-3, p. 12).

On March 20, 2015, FSSA received a computer-generated "Appeal Form" from Plaintiff in case 1056017336, dated March 19, 2015, which also states that Plaintiff "wishes to appeal the action to deny stop or reduce my benefits. . . . I understand that a fair hearing will be scheduled for me and that I will be able to explain why I disagree with the action taken on my benefits." (ECF 1-3, p. 13). The "Date of Notice" on the "Appeal Form" is March 5, 2015.

On April 9, 2015, an administrative hearing was held on Plaintiff's appeal with Defendant Hon. Debra Rosado as the presiding Administrative Law Judge. (ECF 77-23, Ex. W); *see also* (ECF 78-1, Ex. AA, p. 1). Kathryn Houseworth represented the State of Indiana. *Id*. Plaintiff was present in person at the hearing.

Once the hearing began, ALJ Rosado orally noted that Plaintiff received adequate and timely notice of the action on January 12, 2015 but that the Hearings and Appeals Section received his request for a hearing on March 17, 2015, which was untimely as it was past the thirty-three days allowed for a medical appeal. (ECF 78-1, Ex. AA, p. 2). ALJ Rosado asked Plaintiff why his appeal was late. *Id*. Plaintiff responded that he only became aware of the denial after he received the March 2, 2015 notice from the Medical Review Team. *Id*. Houseworth stated that the official notification from FSSA was never mailed to Plaintiff. *Id*. at p. 4. Then the following exchange occurred between ALJ Rosado and Plaintiff:

> ALJ: Okay. So then, I am going to address the issue that the notice – the last official notice that was sent was January 12th and the day you appealed was on March the 17th, which is untimely. But, I also need to ask you, Mr. Miller, do you waive your right to proper notification, in which case it means that the State will not be sending you the notice telling you that your impairment and all that information from the Medical Review Team, and if

5

> you do waive your right to proper notification, then the appeal that you filed is basically untimely. So you may want to get that notice.
>
> KEVIN MILLER: Okay, so I don't want to waive it, waive my right.
>
> ALJ: Okay, if you don't waive your right to official notice, then the hearing is going to be dismissed and you'll be receiving a – a notice from the state telling you that – the reason you were denied.
>
> KEVIN MILLER: And then I'll have a right to appeal?
>
> ALJ: And then you'll have your rights to appeal.
>
> KEVIN MILLER: Thank you, your honor.
>
> ALJ: Is that what you want?
>
> KEVIN MILLER: Yes.

(ECF 78-1, Ex. AA, p. 4-5).

Houseworth then asked ALJ Rosado to repeat the action that was being taken, to which the ALJ stated:

> ALJ: The hearing is going to be dismissed, the Appellant is …
>
> KATHRYN HOUSEWORTH: Okay.
>
> ALJ: …not waiving his right to proper notification, so a decision, I mean, a decision will be sent to both parties and it will instruct the State as to what they need to do which is basically to send him the notification…
>
> KATHRYN HOUSEWORTH: Right.
>
> ALJ: …as to why his medical disability application was denied. And then he will…
>
> KATHRYN HOUSEWORTH: Okay.
>
> ALJ: …have full appeal rights at that point."

*Id*. at p. 6.

On May 14, 2015, ALJ Rosado issued a "Notice Hearing Decision." (ECF 77-23, Ex. W, p. 3); (ECF 1-3, p. 15); (ECF 43-2, p. 54-59). The Hearing Decision states that the "Issue" for the hearing was: "The original issue under appeal was the Appellant's eligibility for Medical Assistance to the Disabled ("MA D"); however, this issue was not addressed as the only issue was determined to be whether the Appellant received timely and adequate notice." (ECF 77-23, Ex. W, p. 5). The decision then provides, in a separate delineated section:

> The Administrative Law Judge has carefully reviewed the testimony presented at the hearing, all evidence, Federal/State regulations, and policy transmittals in regard to this matter. The Decision, which follows, outlines the facts and conclusions therefrom that are the basis for the final determination by the Administrative Law Judge.
> **THIS MATTER IS DISMISSED**.

*Id*.

ALJ Rosado made the following relevant findings of fact:

7. On March 02, 2015, the Appellant received the unofficial notice from the Medicaid Medical Review Team informing him that based on careful review of the medical and social evidence presented to us, it has been determined that you do not meet Medicaid disability criteria under our rules. The letter further stated that this is not an official notice of denial. This letter serves as a piece of the official notice that will be sent to you when the Division of Family Resources takes action on your case. That notice will explain your appeal rights.

8. On March 04, 2015, the Appellant contacted the State Agency via the DFR mailbox. He received a response from the State Eligibility Manager that per our record it indicates that you were denied for Medicaid Disability by our Medical Review Team on March 02, 2015 and that you should receive a notice in the mail. If you do not agree with the decision you have the right to appeal the decision.

9. *The Appellant testified that he never received the official notification from the State Agency informing him that he was denied for not meeting the Medicaid criteria*.

10. The State Agency testified that the official notification was never mailed to the Appellant.

7

> 11. At the time of this hearing the Appellant was asked by this Administrative Law Judge whether he waived his rights to timely and adequate notice.
>
> 12. The Appellant declined to waive his right to timely and adequate notice.

*Id.* at pp. 6-7) (emphasis added).

> ALJ Rosado then provided the following "Conclusions of Law":
>
> This matter is dismissed since the Appellant was not issued timely and adequate notice in regards to the Medicaid disability criteria denial of Medical Assistance to the Disabled.
>
> Since the Appellant did not waive his right to timely and adequate notice, the original issue in regards to the denial of Medical Assistance to the Disabled taken against the Appellant with respect to his resources and income were not addressed.
>
> The State Agency is directed to mail out to the Appellant a manual or computer-generated notice informing him of the denial of Medical Assistance to the Disabled due to not meeting the Medicaid disability criteria.
>
> The Appellant shall retain all rights of hearing and appeal of the new notice of eligibility.

*Id.* at p. 8.

The section titled "Decision" provides: "The Administrative Law Judge dismisses this matter as there was no timely and adequate notice given to the Appellant as required under 45 CFR 205.10(i)(A)(B). *Id.* Page 5 of the Hearing Decision is titled "Appeal Rights," explaining the rights of appeal for ALJ Rosado's decision and the procedure to follow for the appeal. *Id.* at p. 5.

In the record, Plaintiff has provided page one of a seven-page document, dated May 15, 2015, sent by FSSA to Plaintiff, titled "Eligibility Notice of Action Medicaid/Hoosier Healthwise" (State Form 1110(R13/2-14) FI 0619M) in 1056017336 regarding the application date of November 24, 2014. (ECF 1-3, p. 20). The box for "Your application was denied" is checked. *Id.* The "Reason for denial" is "Disability is not met; is 12 mo. but not substantail[sic] impairment; failure to provide

8

all required information; failure to cooperate in verifying the[sic]." (ECF 1-3, p. 20). The other pages are not included in Plaintiff's exhibit, and Defendants do not appear to have included this document in their submission of evidence.

On May 19, 2015, Plaintiff faxed a handwritten correspondence dated May 18, 2015, which states: "I Kevin Miller request a Agency Review of my Administrative Law Judges decision. 1056017336/MA D/01/A3-4000378714." (ECF 1-3, p. 18).

On June 3, 2015 FSSA sent Plaintiff a letter, notifying him that they received the request for a review of the May 14, 2015 Hearing Decision in 1056017336/4000378714. (ECF 1-3, p. 19). The letter provides that "[a]ll parties will be sent a Notice of Final Agency Action when the review is complete." *Id*.

After the April 9, 2015 hearing, Plaintiff did not apply for Medicaid again. *See* (ECF 78-2, Ex. BB, p. 17).

Defendants offer no evidence that FSSA sent Plaintiff the "new notice of eligibility" related to the March 2, 2015 denial by the MRT based on the medical evidence, as ordered by ALJ Rosado. Initially, in support of their Motion for Summary Judgment, Defendants attached a denial notice from May 2014, mistakenly representing that it was the May 2015 notice. In their reply brief, Defendants acknowledge the error and instead cite Exhibit Q, but Exhibit Q, which is identical to Exhibit N, is the January 12, 2015 notice of denial. *Compare* (ECF 77-14, Ex. N) (Bates number stamped STATE000230-STATE000236); (ECF 77-17, Ex. Q) (same).

In his summary judgment response brief, Plaintiff wrote:

FSSA was to send the Plaintiff a new notice informing him of the March 2, 2015 Medicaid denial. For the hearing decision. see (Pla. Ex. 3 pp. 14-17) and (FS no. 1 RFP 177-179) or (Def. Ex. W). FSSA was ordered to send Plaintiff a new decision

9

notice. FSSA sent a second denial notice for the Jan. 12, 2015 denial. see (Pla. Ex. 3, pp. 20). Not ever sending Plaintiff a official denial for the March 2, 2015 denial.

(ECF 83, p. 32).

## ANALYSIS

One of Plaintiff's three remaining § 1983 procedural due process claims seeks injunctive relief against Defendant Dr. John Wernert, in his official capacity, for an alleged violation of Plaintiff's due process rights in relation to the denial of his application for Medicaid Disability.

The due process clause of the Fourteenth Amendment to the United States Constitution provides that the states shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. To prevail on his claim for a deprivation of procedural due process based on a property right, Plaintiff must establish (1) a cognizable property interest, (2) a deprivation of that property interest, and (3) a denial of due process. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (citing *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004)). There is no loss of property without due process if the state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540 (1981).

In their briefing on the cross motions for summary judgment, the parties do not dispute that eligibility for Medicaid benefits is a "property" interest within the meaning of the Due Process Clause. *Thompson*, 2006 WL 2990426, at *6;[1] *Coffey v. Xerox Corp.*, No. 1:13-CV-97, 2014 WL

---

[1] The Court in *Thompson v. Robb*, explained:

> We find that Plaintiffs have adequately articulated a claim to a property interest to which due process protections apply. As they point out, the Indiana MA D eligibility statute (IC § 12-14-15-1) "establish[es] 'substantive predicates' to govern official decision making ... [and] mandate [s] the outcome to be reached upon a finding that the relevant criteria have been met." *Kentucky Dept. of Corrs. v. Thompson*, 490 U.S. 454, 462 (1989); Pls.' Reply at 4. The Indiana statute states that MA D benefits shall be granted to a needy disabled individual who meets specified and objective criteria;

10

773202, at *9 (S.D. Ind. Feb. 24, 2014) (citing *Hamby v. Neel*, 368 F.3d 549, 560 (6th Cir. 2004); *Mathews*, 424 U.S. at 340). Nor do the parties dispute that Plaintiff was found to be not eligible for Medicaid Disability benefits. However, the parties dispute whether Plaintiff received due process following the denial. *See Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 939 (7th Cir. 2003). As set out above, there appears to be a question of fact as to whether Plaintiff was sent official notice of the March 2, 2015 MRT denial, as ordered by ALJ Rosado at the April 9, 2015 hearing and in her May 14, 2015 Hearing Decision.

In reviewing the cross motions for summary judgment, the Court now *sua sponte* raises the issue of Eleventh Amendment immunity as to this claim. *See Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000) ("We conclude . . . that a federal court can raise an Eleventh Amendment defense on its own initiative."). Because the issue of Eleventh Amendment immunity can be raised by the court, and even on appeal, the Court would be remiss not to address the issue at this juncture in the interests of efficiency and economy not only for the court but also for the parties. *See, e.g.*, *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (addressing Eleventh Amendment immunity on appeal after "[t]he defendants engaged in two rounds

---

> it provides for no discretion on the part of the administrative agency, thus establishing an entitlement to MA D benefits for any individual who qualifies.
>
> The Supreme Court has stated that "[i]n the Medicare and the Medicaid Programs the Government has provided needy patients with both direct benefits and indirect benefits. The direct benefits are essentially financial in character ... The Government cannot withdraw these direct benefits without giving the patients notice and an opportunity for a hearing on the issue of their eligibility for benefits." *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773, 787-88 (1980). *See also Goldberg v. Kelly*, 397 U.S. 254, 261-64 (1970); *Gomolinsky v. Davis*, 716 N.E.2d 970, 973-75 (Ind. Ct. App. 1999) (applying procedural due process protections to Indiana Medicaid benefits). Such direct benefits are at issue here. Thus, in our view, the MA D eligibility provision creates a protectible property interest.

*Thompson v. Roob*, No. 1:05-CV-636, 2006 WL 2990426, at *6 (S.D. Ind. Oct. 19, 2006).

11

of litigation in [the] case—one before the district court, and one before this court—without raising the Eleventh Amendment as a defense").

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Ind. Prot. & Advocacy Servs.*, 603 F.3d at 370. There are three primary exceptions to Eleventh Amendment immunity, when:

> (1) "Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of its power"; (2) a state "has properly waived its immunity and consented to suit in federal court"; and (3) the plaintiff "seek[s] prospective equitable relief for ongoing violations of federal law . . . under the *Ex Parte Young* doctrine."

*Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002) (quoting *Marie O. v. Edgar*, 131 F.3d 610, 614-15 (7th Cir. 1997)); *see also Council 31 of the Am. Fed. Of State, Cnty. and Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). It appears that the first two exceptions are inapplicable.

As for the third, the *Ex Parte Young* exception provides that a plaintiff can bring suit against individual state officials in their official capacity for prospective relief to enjoin ongoing violations of federal law. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Council 31*, 680 F.3d at 882; *Ind. Prot. & Advocacy Servs.*, 603 F.3d at 371. Determining whether the exception applies requires a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc. v. Public Serv. Comm.*

*of Maryland*, 535 U.S. 635, 645 (2002); *see also Sonnleitner*, 304 F.3d at 717. Defendant Dr. Wernert, as the head of the FSSA, sued in his official capacity, is the appropriate target for a claim for prospective injunctive relief, even though the FSSA is an arm of the state. *See Ex Parte Young*, 209 U.S. 123. However, it appears that Plaintiff cannot satisfy the *Ex Parte Young* exception in this case because, although he alleges a violation of federal law, he cannot show an "ongoing" violation of that federal law. An entirely past deprivation of procedural due process is not an "ongoing" violation for purposes of the exception. *See Sonnleitner*, 304 F.3d at 718-19; *Ceria M. Travis Academy, Inc. v. Evers*, No. 16-CV-593, 2016 WL 4098587, at *5 (E.D. Wis. July 28, 2016) (citing *Sonnleitner*, 304 F.3d at 718).

In *Sonnleitner*, the court held that the plaintiff's allegation of a Fourteenth Amendment procedural due process deprivation was not an "ongoing violation" when his claim was based on an alleged demotion without adequate due process. *Id*. The court found that, even assuming the plaintiff's "constitutional rights have been violated, the violation was not the demotion as such, but, instead, the fact that the demotion occurred without an adequate opportunity to be heard, either through an additional predisciplinary hearing or a sufficiently prompt post-disciplinary hearing." *Id*. The court found this to be a *"past* rather than an ongoing violation of federal law" and held that the exception did not apply. *Id*.

Similarly, in *Ceria M.*, there was no question that the plaintiff had alleged a violation of federal law by alleging a violation of Fourteenth Amendment due process based on the denial of a request for a payment. 2016 WL 4098587, at *5. The plaintiff argued that the violation was "ongoing" for purposes of applying the *Ex Parte Young* exception because "[the defendant] 'continues to violate the Fourteenth Amendment as long as he continues to hold [plaintiff's] property

without the benefit of a hearing to determine whether [the defendant] is entitled to that property.'" *Id*. Relying on *Sonnleitner*, the court found that the due process violation in *Ceria M*——"withholding the May payment without an adequate opportunity to be heard"—was not an "ongoing violation." *Id*. The court reasoned that the denial was a "one-time" event that occurred in the past and there no allegations as to future payments. *Id*. The court held that *Ex Parte Young* did not apply to avoid Eleventh Amendment immunity in that case. *Id*.

As in both *Sonnleitner* and *Certia M.*, the alleged constitutional violation in this case occurred in the past. Like in *Sonnleitner*, it is not the denial of Plaintiff's application for Medicaid Disability but, rather, that the denial occurred without an adequate postdeprivation remedy that is the alleged constitutional violation. Even assuming that Plaintiff did not get the official notice of the March 2, 2015 MRT denial, as ordered by ALJ Rosado, and that his constitutional rights were violated as a result, the violation occurred in the past and is not ongoing. Thus, it appears that the *Ex Parte Young* exception does not apply to overcome Eleventh Amendment immunity as to this claim in this case. However, because the parties have not had an opportunity to address this issue, the Court now sets a briefing schedule to allow full consideration of the issue of Eleventh Amendment immunity on this procedural due process claim against Defendant Dr. Wernert.

## CONCLUSION

Accordingly, the Court hereby **ORDERS** the following briefing schedule solely on the issue of Eleventh Amendment immunity: (1) Defendants to **FILE** a brief addressing Eleventh Amendment

immunity as to the procedural due process claim brought against Defendant Dr. John Wernert on or before **July 7, 2017**; Plaintiff to file a response on or before **July 21, 2017**; and Defendant to file a reply, if any, on or before **July 28, 2017**.

So ORDERED this 23rd day of June, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT